**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No.: 2:16-cv-00516-APG-NJK |
| Plaintiff | **Order (1) Granting Plaintiff's Motion for Summary Judgment, (2) Denying Defendants' Motions for Summary Judgment, and (3) Setting Deadline for Further Action** |
| v. | |
| THE VILLAS COMMUNITY ASSOCIATION, et al., | |
| Defendants | [ECF Nos. 69, 70, 71] |

Plaintiff Bank of America, N.A. sues to determine whether a deed of trust encumbering property located at 6627 Babys Tear Place in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant The Villas Community Association (Villas). Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the foreclosure sale. Bank of America seeks a declaration that the deed of trust still encumbers the property and it asserts alternative damages claims against Villas and Villas' foreclosure agent, defendant Terra West Collections Group LLC (Terra West). SFR counterclaims for declaratory relief that it purchased the property free and clear of the deed of trust.[1] SFR also filed a declaratory relief cross-claim against the former homeowner, Dorothy K. Lopez (Lopez).

Bank of America moves for summary judgment, arguing that it tendered the superpriority amount and thereby preserved the deed of trust. Terra West moves for judgment on the pleadings and Villas moves for summary judgment on Bank of America's damages claims against them. SFR did not move for summary judgment, but it opposes Bank of America's

---

[1] SFR also asserted a claim for slander of title, but it dismissed that claim. ECF No. 75.

motion, arguing that Bank of America did not prove tender of the proper superpriority amount, the tender letter had impermissible conditions, and the equities favor SFR as a bona fide purchaser. It also argues Bank of America's reliance on tender is subject to waiver, estoppel, and unclean hands.

The parties are familiar with the facts so I do not repeat them here except where necessary. I grant Bank of America's motion because no genuine dispute remains that Bank of America tendered the superpriority amount, thereby extinguishing the superpriority lien and rendering the sale void as to the deed of trust. I dismiss as moot Bank of America's alternative damages claims against Villas and Azure and I deny their motions for summary judgment. Finally, I set a deadline for SFR to either voluntarily dismiss its cross-claim against Lopez or to move for default judgment on that claim.

# I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat

summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

Bank of America has established that it tendered the superpriority amount in full. The HOA assessment was $50 per month. ECF No. 69-6 at 9. Prior to the HOA foreclosure sale, Bank of America tendered $450 to Terra West to cover the superpriority amount of nine months of assessments. *Id.* at 13-15, 21. Terra West refused to accept the check. *Id.* at 17, 21. SFR has presented no contrary evidence in response. Consequently, no genuine dispute remains that the superpriority lien was extinguished and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

SFR raises several arguments as to why tender did not extinguish the superpriority lien. None raises a genuine dispute precluding summary judgment.

### 1. Evidentiary Challenges

SFR contends Bank of America cannot show tender of the proper superpriority amount because it cannot rely on the affidavit of Adam Kendis, a paralegal with the law firm Miles Bauer Bergstrom & Winters, LLP (Miles Bauer). SFR argues that Kendis lacks knowledge to

1  authenticate the documents attached to his affidavit and there is inadmissible hearsay within

2  those documents.

3        Bank of America has presented sufficient proof from which a reasonable jury could find

4  the ledger from Terra West "is what its proponent claims." Fed. R. Evid. 901(a).  Kendis states

5  he has personal knowledge of Miles Bauer's procedures for creating and maintaining its business

6  records and he sets forth the prerequisites for the business records exception to hearsay. ECF No.

7  69-6; Fed. R. Evid. 803(6).  The business records exception does not require that the custodian of

8  records for the business that created the document be the one to authenticate it. *See MRT Const.*

9  *Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483 (9th Cir. 1998).  Rather, someone from another

10 business (like Miles Bauer) who relied upon the accuracy of the business record may properly

11 authenticate it. *Id.*  Miles Bauer's records show it requested the superpriority amount from Terra

12 West and Terra West provided a ledger that showed the monthly assessment amount and did not

13 reflect any nuisance abatement charges. ECF No. 69-6.  Miles Bauer then tendered $450 to Terra

14 West, which Terra West refused to accept. *Id.*  SFR has not presented evidence raising a genuine

15 dispute about the Rule 803(6) factors, the documents' authenticity, or delivery.  SFR could have

16 deposed Kendis if it believed doing so would reveal facts that would undermine his affidavit.  It

17 either did not do so or that testimony was not helpful to SFR because it has not been presented at

18 summary judgment.

19        Even if this evidence is not currently in admissible form, Bank of America need not

20 present the evidence in admissible form at summary judgment. *Fraser v. Goodale*, 342 F.3d

21 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the

22 admissibility of the evidence's form.  We instead focus on the admissibility of its contents.").

23 Bank of America could call witnesses from the HOA to identify the monthly assessment amount

4

and from Miles Bauer, Terra West, and if needed, the runner's company, to testify about the tender attempt. Because the evidence could be presented in admissible form at trial, I may consider it at summary judgment. *Id.*

SFR has presented no evidence to suggest the monthly assessment amount is anything other than what is reflected in Terra West's ledger, and it has presented no other evidence of maintenance or nuisance abatement charges. SFR therefore has failed to raise a genuine dispute about the superpriority amount. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) (holding tender of nine months of assessments was sufficient where the HOA's "ledger did not indicate that the property had incurred any charges for maintenance or nuisance abatement").

In sum, SFR does not present any evidence to dispute the superpriority amount, the existence or nonexistence of maintenance or nuisance abatement charges, tender, delivery, or rejection. Consequently, no genuine dispute remains that Bank of America tendered the superpriority amount, thereby extinguishing the superpriority portion of the lien and rendering the HOA sale void as to the deed of trust.

*2. Impermissible Conditions*

SFR contends Nevada Revised Statutes Chapter 116 precluded the HOA from entering into a contract with Bank of America through acceptance of the Miles Bauer tender that would waive the HOA's rights to a superpriority lien. Specifically, SFR argues that the Miles Bauer tender letter contained an impermissible condition that the HOA waive or subordinate its right to the portion of the superpriority lien consisting of maintenance and nuisance abatement charges.

The Supreme Court of Nevada has held that where there is no evidence of maintenance or nuisance abatement charges, identical Miles Bauer letters did not impose impermissible

conditions on tender.[2]  Here there is no evidence of maintenance or nuisance abatement charges,

so the tender letter did not contain impermissible conditions.  And if such charges arose later, the

HOA "would have been required to issue new foreclosure notices if it sought to afford those

costs superpriority status." *Doreen Properties, LLC v. U.S. Bank Nat'l Ass'n as Tr. for Holders*

*of Bear Sterns Alt-A Tr. 2006-3*, No. 75885-COA, 2019 WL 2474893, at *1 (Nev. App. June 12,

2019) (citing *Property Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 401 P.3d 728, 731-

32 (Nev. 2017) (en banc) (stating that the HOA is not limited to one superpriority lien but it must

initiate a new foreclosure process to enforce a second superpriority default)).

### 3. Equities and Bona Fide Purchaser

SFR next argues that even if Bank of America tendered the superpriority amount, I still

must balance the equities, which would include an evaluation of SFR's bona fide purchaser

status.  SFR also argues Bank of America waived the right to assert tender, should be equitably

estopped from doing so, and has unclean hands.

"[T]ender of the superpriority portion of an HOA lien satisfies that portion of the lien by

operation of law." *Bank of Am., N.A.*, 427 P.3d at 120.  Because "valid tender cured the default

as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien

resulted in a void sale as to the superpriority portion." *Id.* at 121.  A "party's status as a [bona

---

[2] *See Bank of Am., N.A.*, 427 P.3d at 117-18; *BDJ Invs., LLC v. Bank of Am., N.A.*, No. 76481, 448 P.3d 573, 2019 WL 4392466, at *1 (Nev. 2019) ("Because nothing in the record indicates that the HOA had incurred any maintenance or nuisance abatement charges at the time the tender was made, the letter cannot reasonably be construed as forcing the HOA to waive its right to afford superpriority status to any such charges that might be assessed in the future."); *Alliant Commercial, LLC v. Bank of New York Mellon*, No. 76565, 443 P.3d 544, 2019 WL 2725620, at *1 (Nev. 2019) ("Assuming without deciding that the tender contained a misstatement of law, such a misstatement is not an impermissible condition as it does not require anything of the HOA for the HOA to be able to accept the tender.  Furthermore, no such [maintenance and nuisance abatement] charges are at issue in this case.  Thus, the purported misstatement does not alter the tender's legal effect.").

fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void."

*Id.* For these same reasons, I do not weigh the equities if tender was valid because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019 WL 3231009, at *2 n.3 (Nev. App. July 17, 2019). Finally, Bank of America "has not waived its right to protect its deed of trust, is not estopped from asserting that right, nor does it have unclean hands because it allowed [the HOA's] foreclosure to proceed without interceding to halt the foreclosure" because Bank of America satisfied the superpriority portion of the lien before the foreclosure, so it "was under no obligation to intercede or halt the foreclosure once it protected its own interest." *Bank of New York Mellon v. Green Valley S. Owners Ass'n*, No. 1, No. 2:17-CV-2024-KJD-EJY, 2019 WL 4393356, at *6 (D. Nev. Sept. 13, 2019); *see also Bank of America, N.A.*, 427 P.3d at 119-21 (tender need not be recorded or deposited into court).

### *4. Summary on Declaratory Relief*

In sum, Bank of America has shown that it tendered the superpriority portion of the HOA's lien, thereby rendering the sale void as to the deed of trust. SFR has not presented evidence raising a genuine dispute in response. Consequently, SFR purchased the property subject to the deed of trust. I grant Bank of America summary judgment on its declaratory relief claim, I dismiss as moot its alternative damages claims against Villas and Terra West, and I deny the motions for summary judgment filed by Villas and Terra West.

That leaves SFR's declaratory relief cross-claim against Lopez. SFR must now either move for default judgment or voluntarily dismiss its cross-claim against Lopez. A motion for default judgment must include proof of this court's diversity jurisdiction over the cross-claim. If SFR does not take either of those actions, I will dismiss the cross-claim without prejudice.

7

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Bank of America, N.A.'s motion for summary judgment **(ECF No. 69) is GRANTED**. I declare that the homeowners association's non-judicial foreclosure sale conducted on September 12, 2014 did not extinguish the deed of trust and the property located at 6627 Babys Tear Place in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of America N.A.'s alternative damages claims against defendants Terra West Collections Group, LLC and The Villas Community Association are DISMISSED as moot.

I FURTHER ORDER that defendant Terra West Collections Group, LLC's motion for judgment on the pleadings **(ECF No. 70) is DENIED**.

I FURTHER ORDER that defendant The Villas Community Association's motion for summary judgment **(ECF No. 71) is DENIED**.

I FURTHER ORDER that by **February 7, 2020**, SFR must either move for default judgment on or voluntarily dismiss its cross-claim against Lopez. A motion for default judgment must include proof of this court's diversity jurisdiction over the cross-claim. If SFR does not take either of those actions by that date, I will dismiss the cross-claim without prejudice.

DATED this 16th day of January, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE